SALVATORE C. GUGINO, ESQ.
Nevada Bar No. 002268
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail: sgugino@klnevada.com

Attorneys for Defendants
BOYD GAMING CORPORATION and
M.S.W., INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CALVIN KAWAMURA, et al.,<br><br>          Plaintiffs,<br><br>vs.<br><br>BOYD GAMING CORPORATION, et al.,<br><br>          Defendants. | CASE NO. 2:13-cv-00203-JCM-GWF<br><br>**STIPULATED PROTECTIVE ORDER** |
| BOYD GAMING CORPORATION, a Nevada corporation; M.S.W., INC., a Nevada corporation, dba MAIN STREET STATION CASINO, BREWERY and HOTEL,<br><br>          Third-Party Plaintiffs,<br><br>vs.<br><br>CHRISTOPER E. CORSON,<br><br>          Third-Party Defendant. | **NO TRIAL DATE SET** |

///

///

///

1573849                                           Page 1 of 6

# STIPULATED PROTECTIVE ORDER

All parties consenting, the Court hereby enters the following Stipulated Protective Order (the "Order") in this case:

This Order shall govern the production of CONFIDENTIAL materials and records produced in this action by any of the parties. This Order and its provisions regarding the designation of CONFIDENTIAL materials and records are intended to facilitate the proceedings in this case and the orderly flow of discovery.

1. All materials and records intended to be covered by this Order shall be produced and designated as CONFIDENTIAL by conspicuously stamping or writing the word "CONFIDENTIAL" on each document to be designated in a manner which will not obscure the text or affect the legibility. As to multiple page documents, the CONFIDENTIAL legend may be stamped or written on the first page of the document.

2. Any party may challenge the designation of any documents and information as CONFIDENTIAL by doing so in writing to the producing party at any time. The producing party shall then have twenty-one (21) days from receipt of that writing to file a motion for Protective Order that seeks protection of the challenged documents and information. While such a motion for Protective Order is pending, the discovery material or testimony in question shall be treated as CONFIDENTIAL pursuant to this Order. A party shall not be obligated to challenge the designation of any document or information as CONFIDENTIAL at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

3. All materials and records designated as CONFIDENTIAL pursuant to the terms of this Order and produced or provided in the course of this litigation shall be used solely for the purpose of the proceedings of this litigation and shall not be disclosed or disseminated to

. . .

. . .

anyone by any person or entity except as herein provided or required or compelled by law or by any judicial, governmental, or administrative body under a law, regulation, or order. The disclosure of CONFIDENTIAL materials or records may be made only to:

    A.    Parties and Counsel for the parties and employees of such counsel assisting in the conduct of this case;

    B.    The Court, court personnel, and court reporters assigned to this case;

    C.    Any consultant, investigator or Expert who is assisting in the preparation and/or trial of this litigation, but only to the extent reasonably necessary to enable such consultant, investigator or Expert to render such assistance;

    D.    Other persons only upon order of the Court, or upon stipulation of the party that produced or disclosed the CONFIDENTIAL discovery material; and

    E.    A deponent, during the course of his or her deposition, or in preparation therefor.

4. Any party which is served with a subpoena or other notice from a third party compelling the production of any CONFIDENTIAL information is obligated to give written notice within five (5) days of receipt of the same or immediately thereafter if the subpoenaed party is required to produce the CONFIDENTIAL information in less than five (5) days (unless notice is expressly precluded by the terms of a governmental or law enforcement agency subpoena) informing the producing party of such subpoena or other notice from a third party compelling production.

5. If disclosure is made to an authorized person identified above, the terms of this Order apply to any subsequent or further disclosure by such person, and counsel must, before disclosure of any CONFIDENTIAL information, advise such person of the terms of this Confidentiality Order. As for the persons included in Section 3 (C or D) above, each person shall be provided with a copy of this Order and must agree to abide by its terms.

6. In the event it becomes necessary to file any CONFIDENTIAL material or record with the Clerk of Court, either as an independent exhibit or as an attachment to a motion,

memorandum, brief or other filing, such material or record shall be filed under seal and shall be released only upon separate order of the Court.

       7.     In the event it becomes necessary to attach any CONFIDENTIAL material or record as an exhibit to a deposition, the parties, their attorneys and all other persons shall treat the exhibit and the portion of the deposition transcript discussing the exhibit as a CONFIDENTIAL document which may be disclosed only pursuant to the terms of this Order. Furthermore, any such deposition exhibit may be filed with the Clerk of the Court only under the terms of the preceding paragraph.

       8.     Subject to the Federal Rules of Evidence, stamped CONFIDENTIAL documents and other CONFIDENTIAL information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five (5) days advance notice to counsel for any party or other person that designated the information as CONFIDENTIAL. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court may then determine whether the proffered evidence should continue to be treated as CONFIDENTIAL information and, if so, what protection, if any, may be afforded to such information at the trial or hearing.

       9.     Disclosures in violation of this Order or any other violation of this Order shall be brought to the Court's attention for the Court's consideration of any appropriate relief.

       10.    The inadvertent or unintentional disclosure by the producing party of CONFIDENTIAL information not stamped as such shall not be deemed a waiver, in whole or in part, of the producing party's claims of confidentiality, either as to the specified information disclosed or similar or related information.

       11.    This Order shall continue in force over the parties until dissolved and shall be construed according to the Federal Rules of Civil Procedure and case law interpreting and

applying the Federal Rules of Civil Procedure. This Order shall not apply to any opinion, ruling, order or comment made by a judge or any appellate court during the litigation of this case.

12. Entering into, agreeing to or producing or otherwise complying with the terms of this Order shall not prejudice in any way the rights of the parties to object to the production of documents any party considers not subject to discovery, or to apply to the Court for a further Confidentiality Order relating to any CONFIDENTIAL information.

13. At the conclusion of this litigation, all CONFIDENTIAL materials and records (and all copies of same) in the possession, custody or control of counsel for the parties, their consultants, investigators or experts (except for exhibits of record) shall be returned to the producing party's counsel within thirty (30) days and/or destroyed.

DATED: Honolulu, Hawai'i, January 24, 2014.

/s/ Regan M. Iwao
EDMUND K. SAFFERY
REGAN M. IWAO
SCOTT K.D. SHISHIDO

Attorneys for Plaintiffs
CALVIN KAWAMURA and
JEANIE KAWAMURA

DATED: January 24, 2014.

/s/ Salvatore C. Gugino
SALVATORE C. GUGINO

Attorney for Defendants
BOYD GAMING CORPORATION and
M.S.W., INC. d/b/a MAIN STREET
STATION CASINO BREWERY HOTEL

ORDER

APPROVED AND SO ORDERED:

*George Foley Jr.*
UNITED STATES MAGISTRATE JUDGE

DATED: January 27, 2014